## BLOWER et v FAIRLAWN HEIGHTS COMPANY

Ohio Appeals, 9th Dist, Summit Co

No 1953. Decided Jan 27, 1932

Carl M. Myers, Akron, for plaintiffs in error.

Slabaugh, Seiberling, Huber & Guinther, and H. W. Slabaugh, Akron, for defendant in error.

WASHBURN, J.

We have read the record and carefully considered all of these claims, and do not agree with any of them.

It is true that if we look to the deed alone, which, of course, was not signed by Dr. Blower, the grantee, there is no express promise on his part to pay his pro rata share of such maintenance; but by his acceptance of the deed and taking possession of the property, he impliedly agreed to pay his pro rata share of such maintenance.

"Where a grantee accepts a deed, and goes into possession of the premises under it, he is bound by the conditions contained in the deed as effectually as if he had signed and sealed the instrument. Although not executing the instrument, he should be deemed to have entered into an express undertaking to do what the deed says he is to do; and such undertaking or obligation imposed upon and assumed by the grantee, if not technically a **covenant** running with the land, is, nevertheless, an agreement of the grantee, evidenced by his acceptance of the deed, which might bind him and his personal representatives, and by express words, his heirs and assigns."

Hickey v Railway Co, 51 Oh St, 40, at p. 47.

And although such agreement was not one which was to be performed within a year, there is authority for the proposition that in such case, where the law raises the promise, such promise is not within the statute.

Goodwin, etc., v. Gilbert, 9 Mass. 510.

Although not definitely stated, such principle was applied in a case recently decided by this court.

Abraham v Akron Sausage Co, 34 Oh Ap 285.

But in the case at bar there was evidence of an express promise in writing by Dr. Blower; although the original land contract which preceded the making of the deed was not produced a the trial, the evidence which was introduced, without objection, shows that said contract contained the aforementioned provisions and that the same was signed by Dr. Blower; if the statute of frauds applied, that would be sufficient to take the transaction out of the operation of the statute.

As to the other questions raised, we merely express our conclusion, which is that we think the trial court was justified in finding from the evidence that the company agreed to furnish such maintenance and that Dr. Blower agreed to pay for the same; that such agreement was binding upon Dr. Blower and enforceable against him in an action on account; and that Dr. Blower was charged no more than his proper pro rata share of the reasonable cost of such maintenance.

Finding no prejudicial error in the record, the judgment is affirmed.

PARDEE, PJ, and FUNK, J, concur.